**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Kenneth R. Tippy, Jr., | Case No. 2:24-cv-01364-RFB-DJA |
| Plaintiff, | |
| v. | **Order** |
| Alpha Plexus LLC c/o Aspire Realty Group, | |
| Defendant. | |

Under 28 U.S.C. § 1915 Plaintiff is proceeding in this action *pro se* and has requested authority to proceed *in forma pauperis*. (ECF No. 1). Plaintiff also submitted a complaint. (ECF No. 1-1). Because the Court finds that Plaintiff's application is complete, it grants the application to proceed *in forma pauperis*. However, because the Court finds that Plaintiff's complaint does not properly assert sufficient facts, it dismisses the complaint with leave to amend.

**I.    *In forma pauperis* application.**

Plaintiff filed the affidavit required by § 1915(a). (ECF No. 1). Plaintiff has shown that his income exceeds his expenses. However, he adds that he has credit card debt. And the income he has left over after expenses barely exceeds the filing fee. Accordingly, the request to proceed *in forma pauperis* will be granted under 28 U.S.C. § 1915(a). The Court will now review Plaintiff's complaint.

**II.    Legal standard for screening.**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the

1  complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70

2  F.3d 1103, 1106 (9th Cir. 1995).

3      Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a

4  complaint for failure to state a claim upon which relief can be granted.  Review under Rule

5  12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Lab. Corp. of Am.*, 232 F.3d

6  719, 723 (9th Cir. 2000).  A properly pled complaint must provide a short and plain statement of

7  the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp.*

8  *v. Twombly*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual

9  allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the

10  elements of a cause of action."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v.*

11  *Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as true all well-pled factual allegations

12  contained in the complaint, but the same requirement does not apply to legal conclusions.  *Iqbal*,

13  556 U.S. at 679.  Mere recitals of the elements of a cause of action, supported only by conclusory

14  allegations, do not suffice.  *Id.* at 678.  Where the claims in the complaint have not crossed the

15  line from conceivable to plausible, the complaint should be dismissed.  *Twombly*, 550 U.S. at 570.

16  Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings

17  drafted by lawyers.  *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal

18  construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

19  **III.    Screening the complaint.**

20      Plaintiff sues Alpha Plexus LLC c/o Aspire Realty Group, claiming that he was not given

21  a legal notice of eviction.  (ECF No. 1-1 at 3).  However, that is the extent of his factual

22  allegations.  And Plaintiff has not established the grounds for this Court's jurisdiction over his

23  claims.  Generally speaking, there are two types of jurisdiction a federal court may have over a

24  civil case: (1) federal question jurisdiction; and (2) diversity jurisdiction.  *See* 28 U.S.C. §§ 1331,

25  1332.

26  ///

27  ///

28  ///

The first type of jurisdiction—federal question jurisdiction—exists when a civil action arises "under the Constitution, laws, or treaties of the United States." [1]  *See* 28 U.S.C. § 1331. Plaintiff invokes this type of jurisdiction because he marks the box for federal question jurisdiction on his complaint form.  However, Plaintiff has not identified any federal law forming the basis for his claim.

The second type of jurisdiction is known as "diversity jurisdiction," and exists "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states."  *See* 28 U.S.C. § 1332(a).  But it is not clear that Plaintiff has established diversity jurisdiction.  Plaintiff has not listed the amount of damages he is seeking, or even identified the form of relief he is seeking.  And his complaint indicates that both him and Defendant are citizens of Nevada.

The Court will give Plaintiff another opportunity to amend his complaint.  But Plaintiff must establish either federal question jurisdiction or diversity jurisdiction in any amended complaint.  If he cannot, while Plaintiff may be able to bring his claims in state court, this Court will not be able to hear his claims.

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is **granted.**  Plaintiff shall not be required to pre-pay the filing fee. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor.  This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

---

[1] Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law. *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002).  Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

1     **IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to file Plaintiff's

2 complaint (ECF No. 1-1) on the docket but shall not issue summons.

3     **IT IS FURTHER ORDERED** that the complaint (ECF No. 1-1) is **dismissed without**

4 **prejudice** for failure to state a claim upon which relief can be granted, with leave to amend.

5 Plaintiff will have until **August 26, 2024,** to file an amended complaint if the noted deficiencies

6 can be corrected.  If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court

7 cannot refer to a prior pleading (i.e., the original complaint) to make the amended complaint

8 complete.  This is because, generally, an amended complaint supersedes the original complaint.

9 Local Rule 15-1(a) requires that an amended complaint be complete without reference to any

10 prior pleading.  Once a plaintiff files an amended complaint, the original complaint no longer

11 serves any function in the case.  Therefore, in an amended complaint, as in an original complaint,

12 each claim and the involvement of each Defendant must be sufficiently alleged.  **Failure to**

13 **comply with this order will result in the recommended dismissal of this case.**

14

15     DATED: July 26, 2024

16

17     _____
    DANIEL J. ALBREGTS
    UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28